GESINA SEILER CARSON
Assistant Attorney General of Wisconsin
State Bar No. 1055162
Post Office Box 7857
Madison, Wisconsin 53707-7857
Telephone: (608) 266-1672
Fax: (608) 267-8906
E-mail: carsongs@doj.state.wi.us
MIGUEL A. NERI
Deputy Attorney General of California
State Bar No. 132875
1515 Clay Street, 20th Floor
P.O. Box 70550
Oakland, CA 94612-0550
Telephone: (510) 879-0755
Fax: (510) 622-2270
E-mail: Miguel.Neri@doj.ca.gov
Attorneys for Third Party Jonathan Kenoyer

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA PARENTS FOR THE EQUALIZATION OF EDUCATIONAL MATERIALS, et al., <br><br>              Plaintiffs, <br><br>       v. <br><br> TOM TORLAKSON, et al., <br>              Defendants. | Case No. 17-CV-0635-CRB <br><br> **REPLY BRIEF IN SUPPORT OF MOTION TO MAINTAIN CONFIDENTIAL DESIGNATION** <br><br> Judge: Charles R. Breyer <br> Action Filed:   June 14, 2018 |

**REPLY BRIEF IN SUPPORT OF JONATHAN KENOYER'S MOTION TO RETAIN CONFIDENTIAL DESIGNATION OF RECORDS PURSUANT TO STIPULATED PROTECTIVE ORDER (DKT. 130)**

1

Reply Brief in Support of Motion to Maintain Confidential Designation

(17-cv-0635-CRB)

Plaintiffs served Third Party Jonathan Mark Kenoyer with a subpoena for documents. Kenoyer is a Professor of Anthropology at the University of Wisconsin ("UW") who focuses on the Indus Civilization (Pakistan and India). The documents requested were for all communications among the South Asia Faculty Group (SAFG) relating to "Framework" and the California State Education Agency and Professor Kenoyer's 2005 research paper entitled "Cultures and Traditions of the Indus Traditions." UW ultimately produced 800+ documents in response and designated a portion of those documents "Confidential" pursuant to the Protective Order entered in this case (Dkt. 130.) Plaintiffs have challenged the confidential designation of 67 of these documents, which have been filed "Under Seal."

The 67 Confidential documents are communications among faculty. They are confidential and protected by academic freedom. Plaintiffs argue that the communications are political, made "by the professors to advance their partisan views and keep out the input of Hindus." (Pl. Opp. Br. At 4.) This argument is without merit.

First, the mere fact that scholars are providing views in a textbook approval process does not equate to scholars taking sides in a partisan political process. Second, scholars seeking to persuade others regarding their research does not remove the scholarly component of these communications. Kenoyer has studied his topic of scholarship in a way that very few others have. When he draws conclusions, he does so because he believes those conclusions are supported by the archeological and anthropological evidence he has uncovered over decades of site work and study. It is Kenoyer's duty as a faculty member to share his knowledge with fellow academics and beyond. The fact that he and other scholars want to share their conclusions effectively does not

make what they are doing political or agenda-driven. Scholars may state and even advocate for their positions in the public sphere; this is a part of the public service component of their role. It certainly does not render their scholarly conclusions per se "political" simply because another person may disagree. Scholarship is not only new hypotheses and secret unpublished data guarded by universities and industry. Rather, communicating ideas to others is an important aspect of scholarship. And that is the process undertaken by these scholars engaged in the email correspondence at issue here.

Kenoyer incorporates by reference all arguments made in his initial brief. To reiterate, Kenoyer is not aware of any possible benefit to the Plaintiffs in this litigation through the removal of the "Confidential" designation. The sole reason appears that Plaintiffs simply do not agree with the designation and want this Court's permission to widely disseminate them. The additional fact that Plaintiffs maintain a website with a section devoted to posting documents and emails obtained from legal proceedings points to this ulterior motive. *See* http://capeem.org/legal-documents. This page contains emails from as far back as 2008. The potential for the chilling of scholarly collaboration significantly outweighs any possible benefit to this litigation from removal of the "Confidential" designation.

The consequence of lifting the confidential designation of the records will result in the inability of faculty and their collaborators to communicate freely and make advancements in their respective fields. Kenoyer respectfully requests this Court grant his Motion and retain the "Confidential" designation of the records contained in Exhibit 2.

3

Reply Brief in Support of Motion to Maintain Confidential Designation
(17-cv-0635-CRB)

Dated: July 3, 2018.

        Respectfully submitted,

        */s/Gesina S. Carson*

        GESINA SEILER CARSON
        Assistant Attorney General
        State Bar #1055162

        Attorney for Third Party Jonathan Kenoyer