UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA PARENTS FOR THE EQUALIZATION OF EDUCATIONAL MATERIALS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>TOM TORLAKSON, et al.,<br><br>Defendants. | Case No. 17-cv-00635-CRB (JSC)<br><br>**ORDER RE: ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Re: Dkt. No. 180 |

Plaintiffs California Parents for the Equalization of Educational Materials ("CAPEEM") and several individually-named parents of public school students (collectively, "Plaintiffs") bring this action against officials at the California Department of Education and members of the State Board of Education (collectively, "State Defendants"), as well as four California School Districts, alleging discrimination against Hinduism in the California public school curriculum. (*See generally* Dkt. No. 1.) Now pending before the Court is nonparty Jonathan Kenoyer's ("Prof. Kenoyer") administrative motion to file under seal. (Dkt. No. 180.) As set forth below, the Court DENIES the motion because it fails to comply with the instructions given by the Court in its August 16, 2018 Order, (Dkt. No. 171).

In its August 2018 Order, the Court denied Prof. Kenoyer's administrative motion to seal, (Dkt. No. 145), because it failed to comply with Civil Local Rule 79-5(d). (*See* Dkt. No. 171 at 15.) The Court also denied Plaintiffs' administrative motions to seal, (Dkt. Nos. 147, 153, 156), because Prof. Kenoyer failed to file a supporting declaration as required under Civil Local Rule 79-5(e)(1). The Court provided Prof. Kenoyer with an opportunity to correct these procedural defects pursuant to Civil Local Rule 79-5(e)(2), and issued the following instructions:

> The Court finds that delaying the public docketing is warranted

because the material sought to be sealed is the same material at issue in Prof. Kenoyer's underlying motion to maintain confidential designation, and Prof. Kenoyer has shown good cause for why those documents should retain their confidential designation. Prof. Kenoyer shall submit an administrative motion to seal within 10 days of this Order that fully complies with Civil Local Rule 79-5(d) and identifies all documents, or portions thereof, that he seeks to have filed under seal—including portions of Plaintiffs' filings and portions of this Order, if any. Accordingly, Docket Nos. 145, 147, 153, and 156 are held in abeyance.

(Dkt. No. 171 at 17.) Prof. Kenoyer's instant motion fails to comply with the Court's instructions.

First, Prof. Kenoyer's motion does not specify the portions of Plaintiffs' filings identified in Plaintiff's administrative motions to seal, (Dkt. Nos. 147, 153, 156), that Prof. Kenoyer seeks to file under seal. For example, Plaintiffs filed their entire opposition to Prof. Kenoyer's motion under seal. Prof. Kenoyer must identify what portions of Plaintiffs' opposition should remain sealed, identified by page and line, and a declaration that supports the sealing of those specific portions. To simply state that the Court ruled that certain documents may be maintained as confidential is insufficient.

Second, Prof. Kenoyer's declaration in support of the instant motion states that "[a]ttached hereto as Exhibit 1 are true and correct copies of the documents entitled to retain confidential designation as identified in [a previous paragraph]," but no such exhibit is attached. (*See* Dkt. No. 182 at ¶ 9.)

Given the amount of time and money expended on this aspect of the litigation, and good cause having been shown for why the documents should retain their confidential designation, the Court will give Prof. Kenoyer one last chance to correct these deficiencies and fully comply with the Court's clear instructions. Prof. Kenoyer must file a further administrative motion to seal by August 31, 2018.

**IT IS SO ORDERED.**

Dated: August 28, 2018

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

2